[No. D010135. Fourth Dist., Div. One. June 27, 1989.]

WALTER LAYTON GETZ, JR., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

■■■■■■■■■■■■■■■■■■

COUNSEL

Nicholas De Pento for Petitioner.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Thomas F. McArdle and Craig E. Fisher, Deputy District Attorneys, for Real Party in Interest.

OPINION

NARES, J.—Walter Layton Getz, Jr. (Getz), seeks a writ of prohibition after the superior court denied his Penal Code section 995 motion to dismiss count two of an information charging him with possession/sale of ephedrine, in violation of Health and Safety Code[1] section 11106, subdivision (f). We issued a stay of trial, and now after argument we grant the petition.

FACTUAL AND PROCEDURAL BACKGROUND

On August, 25, 1988, an undercover officer assigned to the narcotics task force was introduced to Getz as a source for acquiring ephedrine, a precursor chemical in the manufacture of methamphetamine. On August 26, the same undercover officer sold Getz 10 pounds of ephedrine for $2,800. After Getz left the purchase location, he was surveilled by other officers assigned to the case. Early in the morning of August 27, Getz was arrested while driving through the California desert towards the Arizona border. The arresting officers seized 10 pounds of ephedrine from Getz's car.

A felony complaint filed in the municipal court charged Getz in the first count with possession/sale of ephedrine (§ 11106, subd. (f)) and in the

---

[1] All statutory references are to the Health and Safety Code unless otherwise specified.

second count with selling/furnishing nonnarcotic controlled substances (§ 11379). At the preliminary hearing, the court discharged Getz on the first count for lack of sufficient evidence and bound him over on the second count.

In the information filed in superior court, the People realleged violation of section 11106, subdivision (f) as count two. Getz filed a Penal Code section 995 motion to dismiss count two of the information for lack of an evidentiary basis necessary to find probable cause. Specifically, Getz argued he was not required to have a permit to receive ephedrine under the plain meaning of section 11106, and could not be charged with violation of the permit requirement.

After requesting supplemental briefs from both sides and finding this case did not involve out-of-state precursor chemicals, the trial court denied Getz's motion, finding sufficient evidence to support both counts of the information. The court found subdivision (f) of section 11106 was the charging section of the statute, defining the nature of the proscribed conduct. The court further found it was the legislative intent that all conduct involving transfer of ephedrine was prohibited unless otherwise permitted by the statute.

## DISCUSSION

■ What conduct does section 11106 regulate? What conduct does it proscribe?

Section 11106 reads in pertinent part: "(a)   Any manufacturer, wholesaler, retailer, or other person who sells, transfers, or otherwise furnishes any substance specified in subdivision (a) of Section 11100 to a person in this state or who receives from a source outside of the state any substance specified in subdivision (a) of Section 11100 shall obtain a permit for the conduct of that business from the Department of Justice. However, no permit shall be required for any manufacturer, wholesaler, retailer, or other person for the sale, transfer, furnishing, or receipt of any drug which contains ephedrine, pseudoephedrine, norpseudoephedrine, or phenylpropanolamine and which is lawfully sold, transferred, or furnished over the counter without a prescription or by a prescription pursuant to the federal Food, Drug, and Cosmetic Act (21 U.S.C. Sec. 301 et seq.) or regulations adopted thereunder.

"·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

"(f)   Selling, transferring, or otherwise furnishing, or receiving any substance specified in subdivision (a) of Section 11100 without a permit, is a misdemeanor or a felony."

Section 11100, subdivision (a) reads in pertinent part: "(16) Ephedrine."

We conclude the plain language of section 11106, subdivision (a) does not impose a permit requirement on recipients of intrastate shipments. Subdivision (f) is not triggered until there is a violation of one of the permit requirements under subdivision (a). Since Getz did not violate any permit requirement under subdivision (a), he cannot be charged under subdivision (f).

Although subdivision (f) does not make specific reference to subdivision (a), they both make specific reference to section 11100, subdivision (a), also contained in chapter 3, article 1 of the Uniform Controlled Substances Act. (§ 11000 et seq.) This suggests the two subdivisions are properly read in conjunction. Further, only when subdivisions (a) and (f) are read together is section 11106 internally consistent with respect to only charging violators of subdivision (a), rather than everyone who receives the substance regardless of permit requirements, or lack thereof.

### DISPOSITION

Petition granted. The trial court is directed to dismiss count two of the information. The decision is final forthwith pursuant to California Rules of Court, rule 24(d). The stay issued by this court on June 2, 1989, is vacated.

Wiener, Acting P. J., and Todd, J., concurred.